Conway Fire Ins. Co. *v.* Sewall.

———◆———

CONWAY FIRE INS. CO., *plaintiffs in error, versus* SAMUEL E. SEWALL *& al., Executors.*

A plaintiff in error must affirmatively show, by the record alone, that an error exists.

A declaration upon a policy of insurance against fire, alleging that the company "had due notice and proof of the loss according to the conditions of the policy," but containing no allegation that the company "had due notice and proof of the loss according to the requirements of § 5, c. 34 of the Public Laws of 1861, discloses no error, — it not appearing that notice and proof rquired by the statute are not materially different from those required by the policy.

Such a declaration is amendable, and a judgment rendered thereon will not be reversed for that cause on error, when the question is not raised until after judgment is rendered upon the verdict.

WRIT OF ERROR.

The error principally relied upon was:

" 2d. Because said declaration contains no allegation or averment that notice of said loss, and of the destruction of the propety described in said policy by said fire, was given by the insured to said company, in accordance with the provisions of the statute of this State in such case made and provided. Because said declaration does not allege

that the insured, within a reasonable time after said fire, did deliver, or that they have ever since delivered to said company or its agent, as particular an account of the loss and damage as the nature of the case would admit, stating therein what other insurance, if any, existed thereon, in what manner the building insured and containing the property insured was occupied at the time of the fire, and by whom, and when and how the fire occurred, so far as they knew or believed. Nor does said declaration contain any averment that such particular statement or account, if any were so made and delivered to said company, was sworn to before any disinterested magistrate, nor that such disinterested magistrate certified that he had examined the circumstances attending the loss, and had reason to believe, and did believe such statement to be true, though by the statute of this State, in such case made and provided, (Public Laws of 1861, c. 34, § 5,) such particular statement and verification of the same by oath, and such certificate from a disinterested magistrate are required to be delivered to the insurance company or their agent, by the assured, in all cases of loss, under a policy against fire, before commencing an action against such company."

*J. W. Symonds*, for the plaintiff.

The omission of an averment of the statute notice rendered the declaration insufficient. 1 Chitty's Pl., 320, 321; Yelverton's R., (Amer. ed.,) 76, note by Theron Metcalf. It was condition precedent. Gould's Pl., c. 4, §§ 12 & 16.

The defect is not aided by the verdict. 1 Day's Cases in Error, 186, contains an analysis of the defects cured by verdict, embraced within three clauses. (1,) Informality, and omission of immaterial facts; (2,) Too general, imperfect or ambiguous statement of material facts; and (3,) The omission of material facts, if they are necessary concomitants of other material facts alleged, so that, in finding the facts alleged, the jury must necessarily have found the facts omitted.

Conway Fire Ins. Co. *v.* Sewall.

But the omission of any material fact, not connected with facts alleged, is not cured by verdict. (1,) Because the opposite party has no opportunity to defend against it, and it could not be proved on trial; and, (2,) because the jury are bound to find for plaintiff, when they find all the facts alleged, and the plaintiff is not obliged to prove more than he has alleged. Also, 2 Day's Cases in Error, 559. This synopsis approved in *Little* v. *Thompson*, 2 Greenl., 228. See, also, *Spiers* v. *Parker*, 1 T. R., 141; *Rushton* v. *Aspinwall*, Douglas, 679; *Smith* v. *Moore*, 6 Greenl., 274; *Harwood* v. *Roberts*, 5 Greenl., 441; *Jewell* v. *Brown*, 33 Maine, 250; Yelverton's R., 76, *sup.*

The identity or similarity of the two notices nowhere appears.

Being no allegation of statute notice, want of denial in specifications admitted nothing.

It is only for defects of form that R. S., c. 82, § 10, forbids reversal.

For defects of substance, judgment will be reversed. *Little* v. *Thompson*, 2 Greenl., 228; *Smith* v. *Moore, sup.*; *Hills* v. *Staples*, 19 Maine, 219; *Piper* v. *Goodwin*, 23 Maine, 251; *Jewell* v. *Brown, supra; Lord* v. *Pierce*, 33 Maine, 350.

What can change the imperative requirements of the statute, "shall notify," "shall deliver," "such statement shall be sworn to," "shall certify," &c. ?

*T. M. Hayes*, also for the plaintiffs, cited—

*Woosly* v. *Wood*, 6 T. R., 710; *Mason* v. *Harvey*, 8 Exch. R., 819; *Leadbetter* v. *Ætna Ins. Co.*, 13 Maine, 265; *Wellcome* v. *People's M. F. Ins. Co.*, 2 Gray, 480; *Tarbell* v. *Gray*, 4 Gray, 444.

*Davis & Drummond*, for the defendants.

APPLETON, C. J.—The defendants in error are the executors of the last will and testament of Nathan Winslow, who, in his lifetime, effected a policy of insurance upon certain

property mortgaged to him, which being destroyed by fire, the action, now sought to be reversed, was commenced to recover the amount insured.

The declaration sets forth the policy, the interest of the plaintiffs' testate in the property insured, its loss by fire, and that the defendants, (now plaintiffs in error,) "had due notice and proof, according to the conditions of said policy." The action was duly entered, a trial had, and a verdict rendered in favor of the defendants in error. Exceptions to the ruling of the presiding Justice, and a motion to set aside the verdict as against evidence, was seasonably filed, and, upon argument before the full bench, overruled. *Fox & al. v. Conway Fire Ins. Co.*, 53 Maine, 109.

After all this, the plaintiffs in error bring this writ to reverse the judgment rendered in the original action, because the writ contained no allegation that the original defendants "had due notice and proof of the loss, according to the requirements of the statute of 1861, c. 34, § 5."

It is to be observed, that issue was joined, that no valid exceptions to the sufficiency of the declaration, by demurrer or otherwise, or to the proof offered in evidence, or to the rulings of the presiding Justice were taken. The plaintiffs in error having had every opportunity to take advantage of the alleged omission of a material fact in the declaration, and having neglected seasonably to do it, now seek to reverse the judgment, which, if the error relied upon was available, might have been prevented, unless cured by amendment.

Whether there is any error, or not, in the former proceedings, is to be determined from the record alone. If that fails to disclose an error, we are not to seek for it *ab extra*. The record is presumed to be correct. The burden is on the plaintiff in error to allege and prove errors upon which he relies. A judgment will not be reversed, when, from aught that appears, it may have been legally rendered. *Spaulding* v. *Rogers*, 50 Maine, 123. "It can never be enough," observes BELL, C. J., in *Peebles* v. *Rand*, 43

N. H., 337, " to show that there may be an error in their proceedings. The party who brings the writ of error is bound to show that it exists, by proper averments."

The error alleged, and upon which the principal reliance is placed, is, that the declaration contains no averment that the proof and notice of the loss was in conformity with the statute of 1861, c. 34, § 5.

The declaration avers that the proof and notice of loss were according to the conditions of the policy. The record does not otherwise disclose proof and notice given. The policy is not before us. *Starbird* v. *Eaton*, 42 Maine, 569. The declaration shows a good cause of action, if the proof and notice required to be given by the statute are not materially different from those required by the policy. It is not enough that there may be error. To reverse the judgment, it should be affirmatively shown that the variance is such, and so important, that the plaintiffs in the original suit had no cause of action. This is not even attempted. For aught that appears, they may be identical. There is certainly no presumption of law that they are variant. The presumption rather would be, that they are in accordance with the statute, rather than the reverse.

It is urged that the notice and proof required by the statute are to be deemed part of the policy and incorporated therein. If so, then the notice and proof according to the statute would be the notice and proof required by the policy. They would be identically the same. That is, if the statute is part of the policy, then notice according to the policy is notice according to the statute, and would be no cause of complaint.

The plaintiff in error might have demurred to the declaration, if insufficient, or by requested instructions have presented the objection upon which reliance is now placed. This was not done. When objection to the form of a writ might have been taken by plea in abatement, it cannot be assigned as error to reverse the judgment. Objections to the form of the writ or declaration are cured by verdict

or judgment on default.   *Piper* v. *Goodwin*, 23 Maine, 251.   Error does not lie, when the party could have taken exceptions for the same cause and had a summary decision. *Flanders* v. *White Mountain Bank*, 43 N. H., 383.   "It has long been the practice," remarks BELL, C. J., in *Peebles* v. *Rand*, 43 N. H., 337, "to consider objections which are not taken at the time, or which are not insisted upon, as waived, and no injustice or inconvenience has ever resulted, so far as we are aware, from that rule.   And we think it may well be considered that a party has waived any objection to an order or decision of the Court, to which, being present and having an opportunity to object, he has, at the time, taken no exception."

But, if the declaration was insufficient, it might have been amended while the cause was on trial, by inserting the allegation that notice and proof of the loss was in conformity with the statute, to which reference has been had.   All that is required in amendments is, that the cause of action should remain the same.   Within this limit, amendments, to reach the merits of the case, are most liberally allowed.   A declaration so defective, that it would exhibit no sufficient cause of action, may be cured by an amendment, without introducing any new cause of action.   *Pullen* v. *Hutchinson*, 25 Maine, 249.

The Legislature, unwilling that judgments should be arrested or reversed, after a fair trial, have enacted by R. S., 1857, c. 82, § 26, that "no motion in arrest of judgment, in a civil cause, can be entertained," and, by § 10 of the same chapter, that "no process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the person or case can be rightly understood."   It would be a reproach to the law, if the plaintiff in error were permitted to lie by, and, after the expense and delay of a trial, to deprive the defendant of a judgment to which it would seem he was justly entitled.

In *Lord* v. *Pierce*, 33 Maine, 350, the action was trover,

but there was no allegation of a conversion by the defendant. This defect was held amendable, and the judgment was not reversed. In *Page* v. *Danforth*, 53 Maine, 174, it was held that a declaration, defective in not alleging a promise to the assignee in whose name the action was brought, was amendable, and the original judgment was affirmed.

It is not necessary to determine the true construction of the Act of 1861, c. 34, for, even if the counsel for the plaintiff in error were to be regarded as correct in his exposition of its meaning, still this writ cannot be maintained for a defect amendable, if the amendment had been asked, and to which the attention of the Court was not called till after the expense and delay of a trial had been incurred. *Vigilantibus non dormientibus, servit lex.*

*Judgment affirmed.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.